**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

WILLIE PETTY,                              )
                                          )
            Plaintiff,                     )
                                          )
vs.                                        )          CV 02-J-1540-S
                                          )
BURNS INTERNATIONAL                        )
SECURITY SERVICES                          )
CORPORATION, LYNN                          )
MONTGOMERY, and UNITED                     )
STATES OF AMERICA,                         )
                                          )
            Defendants.                    )

## MEMORANDUM OPINION

Currently pending before the court is the defendant United States of America's

motion to dismiss or in the alternative motion for summary judgment (doc. 10),

defendant's memorandum in support of its motion to dismiss, plaintiff's response to the

motion (doc. 12), and the defendant's reply to the plaintiff's response (doc. 13).  The

court has reviewed the motion and the parties' other submissions.

### I. Factual Background

The plaintiff, Willie Petty, was employed as a food service worker at the Veterans

Affairs Medical Center (VAMC) in Birmingham, Alabama.  Complaint at ¶¶ 9-10.  In

1

September of 1999, plaintiff suffered back injuries and his physician ordered that he be allowed to sit for twenty minutes per hour while working. *Id.* at ¶¶ 11-12. When the VAMC failed to accommodate plaintiff's work restriction, he filed a claim with the EEO. *Id.* at ¶¶ 13-14. Subsequently, plaintiff's work restrictions were accommodated by giving him a sedentary work assignment on Sundays, which carried with it a premium pay scale. *Id.* at ¶¶ 17-19.

In October of 2000, plaintiff took a part-time job with defendant Burns International Security Services Corporation (Burns) that required occasional standing and walking. *Id.* at ¶ 22-25. In the fall of 2001, the VAMC contacted Burns who informed VAMC that plaintiff's job with Burns did not have any work restrictions and required a combination of walking and standing. *Id.* at ¶ 30-32. Based upon this information, a doctor for the VAMC, Jack Zaremba, wrote to the plaintiff's treating physician to ask him to lift the work restriction. *Id.* at ¶ 35. The plaintiff's doctor subsequently lifted this restriction and the VAMC returned the plaintiff to his regular work schedule. *Id.* at ¶¶ 36 & 48-49. The plaintiff subsequently filed two complaints with the EEO on December 28, 2001 and May 13, 2002 respectively. (Affidavit of William Low at ¶ 6).

Plaintiff brought claims for negligence and intentional interference with contractual relations against Dr. Jack Zaremba. Furthermore, plaintiff states in his complaint that "Zaremba, Burns and Montgomery sought to retaliate against the plaintiff because he had filed a charge of discrimination for violation of the Americans with

2

Disabilities Act." Complaint at ¶ 72.  However, plaintiff admits that he has not exhausted his administrative remedies and states that he is not bringing a claim for retaliation for filing a complaint with the EEO.  Plaintiff's Response at 1.  Therefore, the court does not consider such a claim.

## II. Analysis

### A. Negligence Claim

Defendant United States asserts that the plaintiff's negligence claim against it is due to be dismissed because his only relief for such a claim would be through the Civil Service Reform Act of 1978, Pub. L. 95-454, 92 Stat. 1111, *et seq.* (CSRA).  The administrative procedures of the CSRA are a federal employee's exclusive remedy for a federal employer's "prohibited personnel action" against that employee.  *Stephens v. Dept. of Health and Human Services*, 901 F.2d 1571, 1575 (11th Cir. 1990); *see also Broughton v. Courtney*, 861 F.2d 639, 643 (11th Cir. 1988) ("If the plaintiff's state law claims...are within the scope of the coverage of the CSRA, then the actions are preempted by the CSRA.")

The CSRA defines a "personnel action" as including, among other things: (1) a detail, transfer or reassignment; (2) a decision concerning pay, benefits, or awards; or (3) any other significant change in duties, responsibilities, or working conditions.  5 U.S.C. § 2302(a)(2)(A)(iv), (ix), & (xi).  Plaintiff's negligence claim is based on the allegation that

3

Dr. Zaremba was negligent in asking the plaintiff's treating physician to lift the restriction. Complaint at ¶¶ 129-130. Such a claim implicates a "personnel action" as defined by the CSRA as it impacts the plaintiff's "duties, responsibilities or working conditions."

Furthermore, the personnel action was alleged to have been taken for a reason prohibited by the CSRA. 5 U.S.C. § 2302(b). The CSRA's definition of "prohibited personnel action" is broad. *Ferry v. Hayden*, 954 F.2d 658, 661 (11th Cir. 1992). Under the CSRA, there are a variety of prohibited reasons for the taking of a personnel action including the "soliciti[ation] or consider[ation] [of] any...statement...with respect to any individual who...is under consideration for any personnel action unless such... statement is based on the personnel knowledge of the person furnishing it...." 5 U.S.C. § 2302(b)(2).

Plaintiff alleged negligence on the part of Dr. Zaremba based on the fact that he failed to adequately determine if the plaintiff's work restriction should be lifted by relying on the statements from defendants Burns and Montgomery "who did not speak to the immediate supervisors of the plaintiff to find out if the plaintiff had a work restriction which was being honored by them." Complaint at ¶ 122. Thus, the plaintiff's allegation that the defendant made a personnel decision by negligently relying upon a statement from an individual without personal knowledge of the information stated clearly constitutes a "prohibited personnel action" under the CSRA.

Therefore, the plaintiff's claim for negligence against defendant United States

4

shall be dismissed for lack of subject matter jurisdiction because plaintiff has failed to pursue a claim as required by the CSRA's administrative procedures, which are his exclusive remedy.

## B. Interference With Contractual Rights Claim

Defendant United States further asserts that the plaintiff's claim against it of "intentional interference with contract rights" is due to be dismissed because the United States has not waived its sovereign immunity. However, the plaintiff vigorously protests that he is not seeking relief from the United States but is instead suing Dr. Zaremba in his individual capacity. (Plaintiff's Brief at pp. 1 & 3).

Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671 et *seq.* (FTCA), plaintiff's exclusive remedy for the conduct of a federal employee acting within the scope of his employment is through a suit against the United States government. 28 U.S.C. § 2679(b)(1). 28 U.S.C. § 2679(d)(1) requires the District Court to substitute the United States as the defendant in place of the federal employee after the United States Attorney certifies that the employee's actions occurred within the scope of his employment.

The United States Attorney filed a certification that Dr. Zaremba's alleged actions occurred within the scope of his employment with the federal government. (doc. 2). This court subsequently granted defendant's motion to substitute the United States as defendant in place of Dr. Zaremba. (doc. 5). Therefore, despite the plaintiff's protests to

the contrary, the United States is the proper defendant in this action, not Dr. Zaremba in his personal capacity.

Under the doctrine of sovereign immunity, the United States cannot be sued unless it first clearly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L. Ed. 1058 (1941). The FTCA serves as a waiver of the United States' sovereign immunity as to tort claims against the federal government. 28 U.S.C. §§ 1346(b) & 2671 et *seq*. However, there are several significant exceptions to this waiver of sovereign immunity. 28 U.S.C. § 2680(a)-(h). Most notably, a claim based upon "interference with contractual rights" is specifically excepted from this waiver. 28 U.S.C. § 2680(h). Where the alleged conduct falls within an exception to the sovereign immunity waiver, the court lacks subject matter jurisdiction over the action and the complaint should be dismissed under Fed.R.Civ.P. 12(b)(1). *Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983).

Plaintiff seeks to recover for Dr. Zaremba's alleged interference with the plaintiff's employment contract with Burns Security. This claim for "interference with contractual rights" clearly falls within an exception to the United States' waiver of sovereign immunity. 28 U.S.C. § 2680(h). Therefore, this court lacks subject matter jurisdiction over the claim and it shall be dismissed.

### III. Conclusion

Based on all of the foregoing, defendant United States of America's motion to dismiss the plaintiff's claims against it is **GRANTED**.

**DONE** and **ORDERED** this the 25 day of September, 2002.

Inge P. Johnson
U.S. District Judge

7